UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary Kay Thomas, | Court File No. 21-cv-02581 (PJS/HB) |
| Plaintiff, | |
| v. | |
| Marshall Public Schools (Independent School District 413); Members of the Marshall School Board (in their official capacities); Jeff Chapman (in his individual and official capacities) Bill Swope (in his individual and official capacities); and Superintendent Jeremy Williams (in his individual and official capacities), | **[PROPOSED] PROTECTIVE ORDER** |
| Defendants. | |

Pursuant to the parties' Stipulation for Protective Order (ECF No. 19):

**IT IS HEREBY ORDERED** that the Stipulation (ECF No. 19) is **ADOPTED** and confidential information shall be treated as follows:

1.  As used in this Protective Order, these terms have the following meanings:

    a) "attorney" means an attorney who has appeared in this action and their staff;

    b) "confidential document" means a document designated as confidential under this protective order;

    c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not

    accessible without the use of specialized tools or techniques typically used by a forensic expert;

   d) "document" means information disclosed or produced in discovery;

   e) "notice" or "notify" means written notice, which includes email;

   f) "party" means a party to this action; and

   g) "protected document" means a document protected by a privilege or the work-product doctrine;

  2. A party or non-party disclosing or producing a document may designate it as Confidential by conspicuously marking the document or portion of the document as "confidential."  They may designate as Confidential any document or information in this action (or parts thereof), including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries, or notes made there from, that may contain Confidential information.

  3. A party serving a subpoena on any nonparty must simultaneously serve copy of this Protective Order and of Local Rule 5.6.

  4. Confidential documents, or information derived therefrom, shall not be disclosed or provided to any person other than the following "Qualified Persons":

  a. An attorney or their partner, associate, or staff;

  b. The Court and its staff;

  c. A court reporter or videographer retained in connection with this action;

  d. The named parties;

    e.    Deposition or trial witnesses during and for purposes of the deposition or trial; and

    f.    Any other person who:

        i.  is retained to assist a party or attorney with this action; and

        ii.  signs a declaration in the form attached as Exhibit A.

5.    Confidentiality designations for depositions may be made on the record or by written notice to the other party within 14 days of receipt of the transcript or as otherwise agreed by the parties. Unless otherwise agreed, depositions shall be treated as Confidential during the 14-day period following receipt of the transcript. Unless otherwise agreed, the deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of Qualified Persons.

6.    All materials designated as Confidential, and all information contained therein, and all summaries and/or extracts thereof, shall be handled in accordance with this Protective Order and shall be used only for purposes of this case. All materials designated as Confidential under this Protective Order shall be carefully maintained so as to preclude access by persons who are not Qualified Persons.

7.    If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in compliance with Local Rule 5.6. This protective order does not limit the parties from presenting confidential

documents or information at trial or a hearing. Prior to any such presentation, a disclosing party may seek further protections against public disclosure from the Court.

8.  Because the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), requires Defendant Independent School District No. 413, Marshall Public Schools, ("School District") to provide notice to persons whose educational privacy interests are or may be affected by production of private, nonpublic information during the discovery process, the School District must provide parents of current or former students who are subjects of documents sought through discovery in this matter with written notice of its intent to disclose that information pursuant to this Protective Order using Exhibit B to this Protective Order.  Before engaging in this process, the parties should first meet and confer to determine whether production with redactions is an appropriate and alternative method for protecting students' personal information for a particular production.

9.  For non-public data, the Minnesota Government Data Practices Act, Minn. Stat. § 13.01 *et seq.* ("MGDPA"), provides that the Court is to consider the privacy interests of the individuals whose privacy interests are or may be affected by production of private, nonpublic information about them during the discovery process and whether notice is warranted, but the minimal nature of the personnel data at issue does not warrant notice to those employees given the privacy protections provided by this Protective Order.

10. The parties shall not disclose any Confidential Materials or information derived therefrom, or any other private educational data or private personnel data, to any member of the broadcast, print, or online media or their agents.

11. A document designated confidential remains confidential unless the designating party agrees to change its designation or the court orders otherwise after providing the designating party with an opportunity to be heard.

12. If either party objects to a designation of information as Confidential, that party's counsel shall inform opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, the party objecting to the designation may present the issue to the Court and the party seeking the designation shall bear the burden of proof with respect to the designation sought. The information shall continue to be treated as Confidential pursuant to this Protective Order during the pendency of any such motion.

13. Any party who inadvertently fails to identify documents as Confidential shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents within the corrected designation.

14. Upon conclusion of the lawsuit a party receiving Confidential information must, within 60 days of a disclosing party's request, confirm that they have returned or

CASE 0:21-cv-02581-PJS-HB   Doc. 20   Filed 02/22/22   Page 6 of 8

destroyed the disclosing party's confidential information. Nonetheless, counsel for the parties may retain copies of any documents filed with the court, any correspondence in the case, and a copy of confidential documents for purposes of compliance with insurance requirements.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability, relevance, or admissibility of evidence.

16. The provisions of the Protective Order shall survive the conclusion of the lawsuit.

Dated:  **BY THE COURT:**

_____
Hildy Bowbeer
U.S. MAGISTRATE JUDGE

6

# EXHIBIT A

## WRITTEN ASSURANCE AND DECLARATION

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I am receiving this information because:

_____.

I have read, and I understand the terms of the Protective Order dated _____, filed in Case No. 21-cv-02581 (PJS/HB), pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action (including appeals), I shall destroy or return any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
               (Date)                                (Signature)

**EXHIBIT B**

[Date]

[Parent/Eligible Student]
[Address]

      Re:   *Mary Kay Thomas v. Marshall Public Schools, et al.*
             Court File No. 21-cv-02581 (PJS/HB)

Dear [Parent/Eligible Student]:

      This office represents Independent School District No. 413, Marshall Public Schools ("School District") in regard to the above-captioned matter. This letter is being sent to you on behalf of the School District pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. 99.31(a)(9)(i) and (ii). This law requires the School District to notify you that Magistrate Judge Hildy Bowbeer of the Federal District Court, District of Minnesota issued a Protective Order providing for the release of personally identifiable information related to [name of student/parent] as it pertains to Plaintiff, Mary Kay Thomas, and the claims and defenses in the above-captioned matter.

      The attached Protective Order governs the manner in which the information disclosed in this litigation may be used, including restrictions on who may access the information. Such restrictions include prohibitions on the use or disclosure of information about [name of student/parent] outside the scope and purpose of this litigation. The data remains private for all other purposes.

      If you have concerns regarding the School District's release of data in accordance with this Protective Order, you have the ability to seek additional protective action from the Court. Any concerns should be directed in writing to: Magistrate Judge Bowbeer, Federal District Court, District of Minnesota, 316 N. Robert Street, St. Paul, Minnesota 55101. Please reference Court File No. 21-cv-02581 (PJS/HB) and mark your correspondence with the term "Confidential Materials."

      The School District will disclose private data subject to this Protective Order no sooner than ten (10) days from the date of this letter absent notice from the Court that the enclosed Protective Order will be modified pursuant to your objection(s).

Very truly yours,

Timothy A. Sullivan
Jack G. Finck