UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary Kay Thomas,<br><br>               Plaintiff,<br><br>v.<br><br>Marshall Public Schools, et al.,<br><br>               Defendants. | Case No. 21-CV-2581 (PJS/DJF)<br><br><br>**ORDER** |

The matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Joint Motion") (ECF No. 161) with respect to documents filed in connection with: (1) the parties' cross-motions for summary judgment (ECF Nos. 111, 124); Pemberton Law's Motion for Protective Order (ECF No. 43); Defendants' Motion for Protective Order (ECF No. 62); Plaintiff's Motion to Extend Motion and Discovery Deadlines (ECF No. 71); and Plaintiff's Motion to Compel (ECF No. 80). Chief Judge Patrick J. Schiltz granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment on September 25, 2024, and the parties' Joint Motion is ripe for review. (ECF No. 158.)

**I.      The Sealing Requests**

Plaintiff argues that the following documents should be unsealed, and the Defendants do not object: ECF Nos. 51–54; 66; 67; 75; 92-1; 116-1–4; 130-1–3; 130-7–9; 130-12–18; 130-21; 130-24–36; 130-38–59; 130-61; 138; 138-1; 140; 142; and 144. Since neither party seeks to keep these documents under seal, the Court will unseal them.

The parties agree that ECF Nos. 130-5 and 133 should be partially redacted to conceal names of minors. Plaintiff asserts, and Defendants either do not object or concur, that the Court should keep the following documents under seal: ECF Nos. 56; 76; 92; 113; 116; 130-4; 130-6; 130-10;

130-11; 130-19; 130-20; 130-22; 130-23; 130-37; 130-60; 135; and 143.  The parties disagree regarding the continued sealing of ECF No. 116-5.

**II.     Legal Standard**

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.").  "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted).  It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)).  "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224.  When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018).  On the

other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

All the exhibits in question here played a material role in Judge Schiltz's decision. Therefore, the party seeking to keep the records under seal may only overcome the presumption of public access by proffering "compelling reasons" for doing so.

### III.    Analysis

The parties dispute whether ECF No. 116-5 should be sealed based on the attorney-client privilege. With the exception of ECF No. 116-5, the parties' requests for continued sealing are not in dispute. The parties seek to seal documents as requested in the Joint Motion on the grounds that the documents contain one or more of the following categories of information: (1) confidential health information; (2) information about minors; (3) educational data protected by federal and Minnesota statutes; and (4) information that a non-party has identified as confidential. The parties further argue that some of the documents should remain under seal because a redacted version of the same documents has been filed. These arguments are addressed in greater detail below.

#### A.    ECF No. 116-5

The parties disagree as to whether ECF No. 116-5 should remain sealed. Defendants argue this document is an attorney-client privileged communication. Plaintiff asserts there is no compelling reason to keep it sealed. ECF No. 116-5 is an email exchange among Defendants' attorney and Defendants' representatives, including Plaintiff, regarding a litigation settlement proposal. The email explicitly states that it is attorney-client privileged and should not be shared. It is obvious from the face of the document that, though Plaintiff had recently been removed from her

position as Principal of the school and moved to another position, she was copied on the email in her capacity as a school official. This document is a plainly privileged communication and there is no discernable basis to find that the holder of the privilege, Defendant Marshall Public School, has waived it. The Court therefore concludes that Defendants have provided a compelling reason for keeping ECF No. 116-5 sealed.

### B.     Confidential Health Information and Information About Minors

The parties seek to keep ECF Nos. 133 and 130-5 under seal on grounds that these documents include language that identifies minors. The parties argue the language should either be redacted or replaced with the minors' initials. (*See* ECF No. 161 at 2-3.) Rule 5.2(a) of the Federal Rules of Civil Procedure expresses a strong preference for such a redaction or replacement. This rule is consistent with the special concerns that arise concerning children and the protection of their welfare. *See, e.g.*, *Ginsberg v. New York*, 390 U.S. 629, 640 (1968) (quoting *Prince v. Massachusetts*, 321 U.S. 158, 165 (1944)). The protection of a minor's privacy is a compelling reason that outweighs the public's interest in viewing the unredacted content of these documents. Moreover, appropriately redacted versions of these documents have already been filed. (*See* ECF No. 151, public redacted version of ECF No. 133; ECF No. 152, public redacted version of ECF No. 130-5.) The Court accordingly orders that ECF Nos. 133 and 130-5 may remain sealed.

The parties also seek to keep ECF Nos. 116, 130-6 and 130-20 under seal. These documents identify multiple minors by name and discuss their activities at school. For the foregoing reasons, the Court finds the minors' privacy interests outweigh the public's interest in open access to these documents. ECF Nos. 116 and 130-6 also contain personal health information, which further warrants continued sealing. *See, e.g.., Skky, LLC v. Facebook, Inc.,* 191 F. Supp.3d 977, 981 (D. Minn. 2016) (noting that personal health information is appropriately kept under seal). Public

versions of ECF Nos. 116 (*see* ECF No. 153), 130-6 (*see* ECF No. 153), and 130-20 (*see* ECF No.129-7) have already been filed, with redactions limited to removing the health information and information identifying minors. The Court accordingly orders that ECF Nos. 116, 130-6 and 130-20 should remain sealed.

    **C.**    **Educational Data**

The parties seek to keep ECF No. 130-19 sealed on the ground that it contains educational data that is protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.32. "Congress enacted FERPA 'to assure parents of students … access to their educational records and to protect such individuals' rights to privacy by limiting the transferability of their records without their consent." *Frazier v. Fairhaven School Committee*, 276 F.3d 52, 69 (1st Cir. 2002) (quoting 120 Cong. Rec. 39,862 (1974)). ECF No. 130-19 is an email that a student's parent sent to Plaintiff about information the student reported at home concerning the school. Particularly in light of the regulatory protections at issue, the Court finds the parties have demonstrated a strong interest in privacy that outweighs the public's right of access to the email. *See, e.g.*, *Benner v. Saint Paul Public Schools, I.S.D. #625*, No. 17-CV-1568, 2019 WL 259637, at *2 (D. Minn. Jan. 18, 2019). The Court therefore directs that ECF No. 130-19 should remain under seal.

    **D.**    **Non-Parties' Confidential Information**

The parties seek to keep ECF Nos. 130-11, 130-37, 130-60, and 143 sealed solely because a non-party designated the information as "confidential". The mere fact that a non-party wishes to keep information confidential is not a compelling reason for the Court to keep a document sealed. *See Dep't of Economic Development v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 487 (S.D.N.Y. 1996). An independent basis for sealing the information must be present. ECF Nos. 130-

11, 130-37, and 130-60 appear to be text messages among adults voicing their opinions regarding an issue that was both widely and publicly discussed in the school and of significant importance to the case. Though the senders of these messages may find them embarrassing, "the prospect of negative publicity" is not alone a compelling reason for sealing. *Id.* In the absence of some other ground for sealing, the Court finds the public's interest in access to these documents outweighs any interest the participants in the communications might have in concealing their opinions. In contrast, ECF No. 143 is a communication between an attorney and a client concerning a settlement offer. Protecting the confidentiality of settlement discussions and attorney-client communications is a compelling reason for keeping this document sealed. The Court accordingly orders that ECF Nos. 130-11, 130-37, and 130-60 should be unsealed, but ECF No. 143 should remain sealed.

### E.    A Redacted Version is Filed

Finally, the parties seek to keep ECF Nos. 56, 76, 92, 113, 130-4, 130-10, 130-22, 130-23, and 135 solely on the ground that a redacted version is filed. The mere fact that a redacted version of a document is filed is not a compelling reason for an unredacted version of the document to remain sealed.

ECF Nos. 92 and 130-4 list Defendant Jeremy Williams' personal address. The Court finds protecting Mr. Williams' privacy is a compelling reason for continued sealing and that this information provides little to no value in understanding Chief Judge Schiltz's decision. However, the publicly-filed version of these documents (*see* ECF No. 129-2) redacts other information, and the parties have not presented a compelling reason for keeping that information out of public view. The Court therefore orders the parties to file a new version of ECF Nos. 92 and 130-4 that redacts only Mr. Williams' address.

As for the remaining documents, the Court cannot identify an obvious compelling reason for

continued sealing. Since the parties have not offered a legitimate basis for sealing them, the Court orders these documents to be unsealed. The Court's order to unseal these documents is not necessarily final. Under Local Rule 5.6, the parties and any interested nonparties may request further consideration if a legitimate basis for sealing them exists.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the parties' Joint Motion Regarding Continued Sealing (ECF No. 161) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Clerk of Court is directed to **UNSEAL** the following documents 21 days after the date of this Order, consistent with the parties' request to unseal them, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f): ECF Nos. 51–54; 66; 67; 75; 92-1; 116-1–4; 130-1–3; 130-7–9; 130-12–18; 130-21; 130-24–36; 130-38–59; 130-61; 138; 138-1; 140; 142; and 144.

2. The Clerk of Court is directed to **UNSEAL** the following documents 21 days after the date of this Order, notwithstanding the parties' requests for continued sealing, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(f): ECF Nos. 56; 76; 113; 130-10; 130-11; 130-22; 130-23; 130-37; 130-60; and 135.

3. The Clerk of the Court is directed to keep the following documents **UNDER SEAL**: ECF Nos. 116; 116-5; 130-5; 130-6; 130-19; 130-20; 133; and 143.

4. The parties must file versions of the following documents with redactions consistent with this Order by **November 25, 2024**, failing which the Court will order the Clerk of the Court to unseal them in 21 days pursuant to Local Rule 5.6(d)(3)(C): ECF Nos. 92 and 130-4.

**IT IS SO ORDERED.**

Dated:  November 4, 2024                              *s/ Dulce J. Foster*
                                                                           DULCE J. FOSTER
                                                                           United States Magistrate Judge